■ MULTI-MODAL INTERNATIONAL, INC., Respondent, v ANGLIA NORTH AMERICA, INC., et al., Appellants. [669 NYS2d 517] —In an action, *inter alia,* to recover damages for tortious interference with a contract, the defendant Anglia Air Freight, Ltd., appeals, and the defendants Mark C. Wall and Anglia North America, Inc., separately appeal, from stated portions of (1) an order of the Supreme Court, Queens County (Golia, J.), dated April 1, 1997, which, *inter alia,* denied those branches of their motion which were to dismiss the complaint, vacate the

plaintiff's note of issue and certificate of readiness, strike the case from the calendar, and impose sanctions, and (2) an order of the same court, dated June 6, 1997, which, *inter alia,* upon renewal, denied those branches of their motion which were to dismiss the complaint and impose sanctions.

Ordered that the appeal from the order dated April 1, 1997, is dismissed, as that order was superseded by the order dated June 6, 1997, made upon renewal; and it is further,

Ordered that the order dated June 6, 1997, is modified by deleting the provision thereof denying that branch of the defendants' motion which was to impose sanctions and substituting therefor a provision granting that branch of the motion to the extent of imposing sanctions upon the plaintiff in the amount of $1,000 payable to counsel for the defendants Anglia North America, Inc., and Mark C. Wall, and $1,000 payable to counsel for the defendant Anglia Air Freight, Ltd.; as so modified, the order dated June 6, 1997, is affirmed insofar as appealed from; and it is further,

Ordered that the appellants appearing separately and filing separate briefs are awarded one bill of costs.

The Supreme Court providently exercised its discretion in denying the defendants' motion, *inter alia,* to dismiss the complaint for failure to comply with discovery requests. However, in light of the plaintiff's failure to comply with court orders directing discovery, and the fact that the plaintiff filed a note of issue with a statement of readiness indicating that all discovery was complete when it knew otherwise, an appropriate sanction should have been imposed to compensate the defendants for the cost of the multiple motions necessitated by the plaintiff's conduct (*see, Davis v City of New York,* 205 AD2d 442). O'Brien, J. P., Krausman, Florio and McGinity, JJ., concur.